UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 00-4259

INTHA NOI CHANTHAVONG,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-97-211)

Submitted: October 10, 2000

Decided: October 30, 2000

Before TRAXLER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Bruce A. Lee, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Intha Noi Chanthavong ("Chanthavong") appeals his November 1997 conviction and March 1998 sentence to a term of eighty-seven months in the Middle District of North Carolina for possession with intent to distribute methamphetamine. This case is before the court after remand. *See United States v. Chanthavong*, No. 98-4244, 1999 WL 694506 (4th Cir. Sep. 8, 1999).

In our prior decision, we vacated the district court's denial of Chanthavong's motion to suppress evidence seized from a locked safe found in a closet of his room. We held that the district court's reliance on the doctrine of inevitable discovery to deny the motion to suppress was not supported by the factual determinations required by our decision in *United States v. Allen*, 159 F.3d 832 (4th Cir. 1998). We remanded for specific findings as to whether Chanthavong's consent to a search of his room extended to the search of the safe, and whether the police officers conducting the search would have obtained a warrant to search the safe if the combination to the safe had not been obtained in violation of Chanthavong's previously invoked right to counsel.

On remand, the Government conceded that the officers conducting the search would not have obtained a warrant to search the safe if they had not obtained the combination, but would have used other means to open the safe in order to search it. The district court conducted a hearing and found that Chanthavong's consent to a search of his room included a search of the locked safe. The court therefore again denied Chanthavong's motion to suppress.

We review the factual findings underlying a motion to suppress for clear error, while the legal determinations are reviewed de novo. *See United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). The scope of a consent to search is determined by considering the interchange between the law enforcement officer and the suspect, and applying a test of "objective reasonableness" to ascertain the usual meaning of what was said. Also of importance in defining the scope of a search is its object, as a general consent authorizes the search of any area that

may contain the object of the search. *See Florida v. Jimeno*, 500 U.S. 248, 251 (1991). In giving consent, a suspect may limit the scope of that consent, but if officers receive a general consent to search a particular place, they are not required to repeatedly return for consent as to specific containers found in that place. *Id.* at 252. *See also Walter v. United States*, 447 U.S. 649, 656 (1980) (in a search properly authorized by consent or warrant, "the scope of the search is limited by the terms of its authorization").

The district court found that Chanthavong was asked whether he had any drugs at his apartment, and if he would consent to a search of his apartment. Chanthavong gave his consent for the search and did not limit the permissible scope of that search. After he was informed that officers conducting the search of his room had discovered additional drugs and the locked safe, Chanthavong did not revoke or limit his previous consent. The district court concluded that, under the totality of the circumstances, it was objectively reasonable to believe that Chanthavong's consent extended to a search of the locked safe found in his room. We agree.

Accordingly, we conclude that the evidence found in the safe was properly admissible, as it was discovered pursuant to a search of the safe based upon Chanthavong's voluntary consent. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). We therefore affirm Chanthavong's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*